## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENNY BLOCKER, *on behalf of himself and all others similarly situated*, 3522 6th Street, SE, Apt. 7 Washington, DC 20032<br><br>      Plaintiff,<br><br>   v.<br><br>THE TJX COMPANIES, INC. d/b/a TJ MAXX,<br><br>SERVE: CT Corporation System<br>      1015 15th St. NW<br>      Suite 1000<br>      Washington, DC 20005<br><br>LEXISNEXIS RISK SOLUTIONS, INC.<br><br>SERVE: CT Corporation System<br>      1015 15th St., NW<br>      Suite 1000<br>      Washington, DC 20005<br><br>      Defendants. | Civil Action No.: 14-1940 |

COMES NOW the Plaintiff, Benny Blocker ("Blocker" or "Plaintiff"), on behalf of himself and all similarly situated individuals, by counsel, and as for his Class Complaint against the Defendants, he alleges as follows:

## PRELIMINARY STATEMENT

1.       This is an action for statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA"). The FCRA imposes several important procedural requirements on employers that use a consumer's public records background check that are designed to protect consumers like the Plaintiff.

Plaintiff worked for Defendant The TJX Companies, Inc. d/b/a TJ Maxx ("TJ Maxx"). During the course of his employment, Defendant TJ Maxx obtained Plaintiff's consumer report from Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis"), and then terminated Plaintiff based on the contents of the consumer report. In doing so, TJ Maxx failed to comply with the procedural protections and requirements imposed by the FCRA.

2.      Additionally, the consumer report that Defendant LexisNexis provided to TJ Maxx contained materially false and derogatory information regarding the Plaintiff. After LexisNexis provided this report to TJ Maxx, Plaintiff wrote to it and requested a full copy of his consumer file. LexisNexis did not provide the information that it had previously provided to TJ Maxx. Accordingly, Plaintiff brings an individual claim against TJ Maxx for failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning him and failing to provide him a complete copy of his consumer file disclosure in violation of the FCRA.

## JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

## PARTIES

4.      The Plaintiff is a natural person, and at all times relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a.

5.      Defendant TJ Maxx is a Delaware corporation. At all times relevant to this Complaint, TJ Maxx was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

6.      Defendant LexisNexis is a Georgia corporation doing business in the District of Columbia.

2

7.      LexisNexis is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

## STATEMENT OF FACTS

8.      In late 2011, Plaintiff was a TJ Maxx employee.

9.      In connection with Plaintiff's employment, TJ Maxx procured Plaintiff's consumer report, including a criminal background report, from Defendant LexisNexis.

10.      Immediately after receiving the subject background report, LexisNexis took adverse action against Plaintiff by terminating his employment based upon the information in his criminal background report.

11.      TJ Maxx did not provide Plaintiff with the notice required by the Fair Credit Reporting Act prior to taking the adverse action, including, for example, (i) that an adverse action had been taken based in whole or in part on the consumer report, (ii) the name, address and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and was unable to provide the consumer with specific reasons why the adverse action was taken,  and/or (iv) that the Plaintiff could request a free copy of the report and dispute the accuracy or completeness of the report with the consumer reporting agency.

12.      Additionally, TJ Maxx's conduct was willful.

13.      Since at least 2012, TJ Maxx has purchased consumer reports, including criminal background reports, from consumer reporting agencies trafficking in the reputations of America's workforce, which are used as a basis for taking adverse action against job applicants.

14.     Upon information and belief, TJ Maxx regularly and consistently fails to provide the "adverse action notice" to job applicants as required by 15 U.S.C. § 1681b(b)(3).

15.     TJ Maxx's procedures and conduct were carried out as TJ Maxx intended and were not a mere accident or mistake. Instead, its actions constituted its standard procedures and policy of conducting business.

16.     TJ Maxx is well aware, or should be aware, of its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

17.     Further, upon information and belief, TJ Maxx obtained or had available substantial written materials that informed it of its duties under the FCRA.

18.     Despite knowing of these legal obligations, TJ Maxx acted consciously and willfully in breaching its known duties and depriving the Plaintiff and the putative class members of their rights under the FCRA.

19.     Plaintiff alleges that TJ Maxx's conduct as alleged herein was consistent with its established and systematically executed procedures and policies of noncompliance with the FCRA.

20.     Therefore, TJ Maxx's conduct was willful and entitles Plaintiff and the putative class members to recover punitive damages for its violations of the FCRA.

21.     Furthermore, the consumer report that Defendant LexisNexis furnished regarding the Plaintiff was materially inaccurate.

22.     By way of example only, LexisNexis furnished a report regarding the Plaintiff that stated that he had been convicted of a felony contempt of court charge.

23.     This was inaccurate. Plaintiff has never been found guilty of a felony.

24.     Accordingly, LexisNexis's report regarding the Plaintiff was inaccurate, materially incomplete, and patently misleading.

25.     In furnishing this inaccurate felony report about the Plaintiff, LexisNexis failed to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

26.     Thereafter, Plaintiff sent LexisNexis a letter and requested a copy of his LexisNexis consumer report.

27.     In his letter, Plaintiff provided his full social security number, his date of birth, and his address. He also attached a copy of his driver's license and his social security card.

28.     In response to Plaintiff's letter, LexisNexis informed Plaintiff that he had not provided adequate documentation in order to receive a copy of his consumer file disclosure.

29.     LexisNexis advised Plaintiff that he could not receive a copy of his disclosure unless and until he completed and returned a proprietary LexisNexis Request form and provided additional documentation.

30.     Per these instructions, Plaintiff completed the form and provided the additional documentation.

31.     Despite his adherence to LexisNexis's instructions, LexisNexis still failed to provide Plaintiff with a complete copy of his consumer report.

32.     For example, LexisNexis did not disclose its records regarding Plaintiff's alleged felony conviction.

33.     Additionally, LexisNexis failed to inform Plaintiff that it had provided a copy of his consumer report to TJ Maxx.

34.     As a result of LexisNexis's actions, Plaintiff suffered actual damages.

35.     Additionally, LexisNexis's conduct against the Plaintiff was willful.

36.     As a matter of practice, LexsNexis regularly and consistently fails to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning consumers as required by 15 U.S.C. § 1681e(b).

37.     Additionally, LexisNexis regularly and consistently fails to disclose all of the information in a consumer's file, as well as provide a list of all persons who received the consumer file within the past two years, in response to a consumer's written request as required by 15 U.S.C. § 1681g.

38.     LexisNexis's procedures and conduct were carried out as it intended and were not a mere accident or mistake. Instead, its actions constituted its standard procedures and policy of conducting business.

39.     LexisNexis is well aware of its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

40.     LexisNexis has been previously sued for violating these provisions of the FCRA. *See, e.g.*, *Adams v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. CIV.08-4708 (RMB/KW) (D.N.J.); *Graham v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:09-655-JRS (E.D. Va.); *Berry v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:11-CV-754 (E.D. Va.).

41.     Further, upon information and belief, LexisNexis obtained or had available substantial written materials that informed it of its duties under the FCRA.

42.     And even if LexisNexis does not have any of these written materials, any reasonable consumer reporting agency knows about or can easily discover these mandates.

43.     Despite knowing of these legal obligations, LexisNexis acted consciously and willfully in breaching its known duties and depriving the Plaintiff of his rights under the FCRA.

44.     Plaintiff alleges that LexisNexis's conduct as alleged herein was consistent with its established and systematically executed procedures and policies of noncompliance with the FCRA.

45.     Therefore, LexisNexis's conduct was willful and entitles Plaintiff to recover punitive damages for its violations of the FCRA.

## COUNT I: VIOLATION OF 15 U.S.C. § 1681b(b)(3)
### Class Claim Against Defendant TJ Maxx only

46.     **The FCRA Class**. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action individually and on behalf of a class initially defined as follows ("the Class"):

> All employees or prospective employees of Defendant TJ Maxx residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report used by TJ Maxx to make an employment decision and against whom TJ Maxx took an adverse action based in whole or in part on information contained in the consumer report before providing the applicant with a copy of the consumer report.

47.     **Numerosity**. The Class members are so numerous that joinder of all is impractical. A similar number of current openings over the past two years demonstrate a significant number of applicants and potential class members. The names and addresses of the Class members are identifiable through documents maintained by TJ Maxx, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

48.     **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether TJ Maxx provided a copy of the

consumer report to the applicant or employee prior to refusing to hire the applicant or terminating the employee based on the results thereof; (b) whether TJ Maxx provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee; and (c) whether TJ Maxx acted knowingly and intentionally or with conscious disregard of the rights of the consumers.

49.     **Typicality**. Plaintiff's claims are typical of the claims of each Class member and all are based on the same facts and legal theories. Upon information and belief, it is TJ Maxx's standard hiring practice to obtain and rely on consumer reports for employment purposes, refusing to hire applicants or terminating current employees without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report, and without providing them with a summary of their rights under the FCRA before taking the adverse action. For purposes of class certification only, Plaintiff seeks only statutory and punitive damages. Plaintiff would seek individual or actual damages only if class certification is denied. In addition, Plaintiff is entitled to the relief under the same causes of action as the other members of the Class.

50.     **Adequacy**. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

51.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

        a.          As alleged above, the questions of law or fact common to the members of

the classes predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.  The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by TJ Maxx's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

        b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers whom TJ Maxx refused to hire or terminated employment based on a consumer report without complying with the requirements of the FCRA are likely unaware of their rights under the law or of who they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources as well. The issues at the core of this case are class wide and should be resolved at one time.  One win for one consumer would set the law for every similarly situated consumer.

52.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

53.    TJ Maxx violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Plaintiff and the putative Class members before taking an adverse action that was based in whole or in part on that report.

54.    Plaintiff seeks statutory and punitive damages as well as attorney's fees and costs

for himself and all others similarly situated for TJ Maxx's willful violation pursuant to 15 U.S.C. § 1681n.

55.     In the alternative to Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks certification of that issue and the appropriate remedy under 15 U.S.C. § 1681o.

### COUNT TWO: VIOLATION OF 15 U.S.C. § 1681e(b)
### Plaintiff's Individual Claim Against Defendant LexisNexis Only

56.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

57.     Defendant LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning the Plaintiff.

58.     As a result of Defendant LexisNexis's conduct, action, and inaction, Plaintiff suffered actual damages.

59.     Defendant LexisNexis's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

60.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Defendant LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT THREE: VIOLATION OF 15 U.S.C. § 1681g(a)(1)
### Plaintiff's Individual Claim Against Defendant LexisNexis Only

61.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth

at length herein.

62.     Defendant LexisNexis violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to the Plaintiff all information in his file at the time of his request for it.

63.     As a result of Defendant LexisNexis's conduct, action, and inaction, Plaintiff suffered actual damages.

64.     Defendant LexisNexis's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

65.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Defendant LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT FOUR: VIOLATION OF 15 U.S.C. § 1681g(a)(3)
### Plaintiff's Individual Claim Against Defendant LexisNexis Only

66.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

67.     Defendant LexisNexis violated 15 U.S.C. § 1681g(a)(3) by failing to identify each person that procured Plaintiff's report for employment purposes in the two years prior to his written request for a complete copy of his consumer file.

68.     As a result of Defendant LexisNexis's conduct, action, and inaction, Plaintiff suffered actual damages.

69.     Defendant LexisNexis's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §

1681o.

70.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Defendant LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, on behalf of himself and the putative class members, moves for class certification, statutory and punitive damages, and attorney's fees and costs against Defendant TJ Maxx for his class claim, as well as statutory, actual, and punitive damages, and attorney's fees and costs against Defendant LexisNexis for his individual claims; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**BENNY BLOCKER**, *on behalf of himself and of all similarly situated individuals*

By:_____/s/ *Kristi C. Kelly*_____
Of Counsel

Kristi Cahoon Kelly, DC No. 974872
Kelly & Crandall, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Tel:    (703) 424-7572
Fax:    (703) 591-0167
kkelly@ kellyandcrandall.com
*Counsel for the Plaintiff*