**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BENNY BLOCKER, , | |
| Plaintiff, | Civil Action No. 1:14-cv-1940-ABJ |
| v. | |
| MARSHALLS OF MA, INC., et al., | |
| Defendants. | |

**DEFENDANT FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

("Defendant"),  by and through undersigned counsel, Seyfarth Shaw LLP, and hereby answers

Plaintiff's Complaint and sets forth its affirmative defenses as follows:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

This is an action for statutory and punitive damages, costs, and attorney's fees brought
pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").  The FCRA
imposes several important procedural requirements on employers that use a consumer's public
records background check that are designed to protect consumers like the Plaintiff.  Plaintiff
worked for Defendant The TJX Companies, Inc. d/b/a TJ Maxx ("TJ Maxx").  During the course
of his employment, Defendant TJ Maxx obtained Plaintiff's consumer report from Defendant
LexisNexis Risk Solutions, Inc. ("LexisNexis"), and then terminated Plaintiff based on the
contents of the consumer report.  In doing so, TJ Maxx failed to comply with the procedural
protections and requirements imposed by the FCRA.

**ANSWER:**

Defendant admits that Plaintiff purports to bring an action against Defendant and seeks

actual and punitive damages, costs, and attorneys' fees, but Defendant denies that it violated the

Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") or that Plaintiff is entitled to any

relief whatsoever.  Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in the remaining allegations of paragraph 1 of the

Complaint.

## COMPLAINT ¶2:

Additionally, the consumer report that Defendant LexisNexis provided to TJ Maxx contained materially false and derogatory information regarding the Plaintiff. After LexisNexis provided this report to TJ Maxx, Plaintiff wrote to it and requested a full copy of his consumer file. LexisNexis did not provide the information that it had previously provided to TJ Maxx. Accordingly, Plaintiff brings an individual claim against TJ Maxx for failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning him and failing to provide him a complete copy of his consumer file disclosure in violation of the FCRA.

## ANSWER:

Defendant denies the allegations contained in the first, second, and third sentences of

paragraph 2 of the Complaint. As to the fourth sentence of paragraph 2, Defendant admits that

Plaintiff purports to bring an action against TJ Maxx and seeks actual and punitive damages,

costs, and attorneys' fees, but Defendant denies that it violated the Fair Credit Reporting Act, 15

U.S.C. § 1681 et seq. ("FCRA") or that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION

## COMPLAINT ¶3:

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

## ANSWER:

Defendant admits the allegations contained in paragraph 3 of the Complaint.

## PARTIES

## COMPLAINT ¶4:

The Plaintiff is a natural person, and at all times relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a.

## ANSWER:

Defendant admits the allegations contained in paragraph 4 of the Complaint.

19001663v.1

**COMPLAINT ¶5:**

Defendant TJ Maxx is a Delaware corporation.  At all times relevant to this Complaint, TJ Maxx was a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 4 of the Complaint.

**COMPLAINT ¶6:**

Defendant LexisNexis is a Georgia corporation doing business in the District of Columbia.

**ANSWER:**

Defendant admits the allegations contained in paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

LexisNexis is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).  It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

**ANSWER:**

Defendant admits the allegations contained in paragraph 7 of the Complaint.

**STATEMENT OF FACTS**

**COMPLAINT ¶8:**

In late 2011, Plaintiff was a TJ Maxx employee.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

In connection with Plaintiff's employment, TJ Maxx procured Plaintiff's consumer report, including a criminal background report, from Defendant LexisNexis.

**ANSWER:**

Defendant admits the allegations contained in paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

Immediately after receiving the subject background report, LexisNexis took adverse action against Plaintiff by terminating his employment based upon the information in his criminal background report.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

TJ Maxx did not provide Plaintiff with the notice required by the Fair Credit Reporting Act prior to taking the adverse action, including, for example, (i) that an adverse action had been taken based in whole or in part on the consumer report, (ii) the name, address and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and was unable to provide the consumer with specific reasons why the adverse action was taken, and/or (iv) that the Plaintiff could request a free copy of the report and dispute the accuracy or completeness of the report with the consumer reporting agency.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Additionally, TJ Maxx's conduct was willful.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Since at least 2012, TJ Maxx has purchased consumer reports, including criminal background reports, from consumer reporting agencies trafficking in the reputations of America's workforce, which are used as a basis for taking adverse action against job applicants.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Upon information and belief, TJ Maxx regularly and consistently fails to provide the "adverse action notice" to job applicants as required by 15 U.S.C. § 1681b(b)(3).

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

TJ Maxx's procedures and conduct were carried out as TJ Maxx intended and were not a mere accident or mistake.  Instead, its actions constituted its standard procedures and policy of conducting business.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

TJ Maxx is well aware, or should be aware, of its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

Further, upon information and belief, TJ Maxx obtained or had available substantial written materials that informed it of its duties under the FCRA.

19001663v.1

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

Despite knowing of these legal obligations, TJ Maxx acted consciously and willfully in breaching its known duties and depriving the Plaintiff and the putative class members of their rights under the FCRA.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

Plaintiff alleges that TJ Maxx's conduct as alleged herein was consistent with its established and systematically executed procedures and policies of noncompliance with the FCRA.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

Therefore, TJ Maxx's conduct was willful and entitles Plaintiff and the putative class members to recover punitive damages for its violations of the FCRA.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

Furthermore, the consumer report that Defendant LexisNexis furnished regarding the Plaintiff was materially inaccurate.

**ANSWER:**

Defendant denies the allegations contained in paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

By way of example only, LexisNexis furnished a report regarding the Plaintiff that stated that he had been convicted of a felony contempt of court charge.

**ANSWER:**

Defendant denies the allegations contained in paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

This was inaccurate. Plaintiff has never been found guilty of a felony.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Accordingly, LexisNexis's report regarding the Plaintiff was inaccurate, materially incomplete, and patently misleading.

**ANSWER:**

Defendant denies the allegations contained in paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

In furnishing this inaccurate felony report about the Plaintiff, LexisNexis failed to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

**ANSWER:**

Defendant denies the allegations contained in paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Thereafter, Plaintiff sent LexisNexis a letter and requested a copy of his LexisNexis consumer report.

**ANSWER:**

Defendant denies the allegations contained in paragraph 26 of the Complaint.

## COMPLAINT ¶27:

In his letter, Plaintiff provided his full social security number, his date of birth, and his address.  He also attached a copy of his driver's license and his social security card.

## ANSWER:

Defendant denies the allegations contained in paragraph 27 of the Complaint.

## COMPLAINT ¶28:

In response to Plaintiff's letter, LexisNexis informed Plaintiff that he had not provided adequate documentation in order to receive a copy of his consumer file disclosure.

## ANSWER:

Defendant denies the allegations contained in paragraph 28 of the Complaint.

## COMPLAINT ¶29:

LexisNexis advised Plaintiff that he could not receive a copy of his disclosure unless and until he completed and returned a proprietary LexisNexis Request form and provided additional documentation.

## ANSWER:

Defendant denies the allegations contained in paragraph 29 of the Complaint.

## COMPLAINT ¶30:

Per these instructions, Plaintiff completed the form and provided the additional documentation.

## ANSWER:

Defendant denies the allegations contained in paragraph 30 of the Complaint.

## COMPLAINT ¶31:

Despite his adherence to LexisNexis's instructions, LexisNexis still failed to provide Plaintiff with a complete copy of his consumer report.

## ANSWER:

Defendant denies the allegations contained in paragraph 31 of the Complaint.

19001663v.1

**COMPLAINT ¶32:**

For example, LexisNexis did not disclose its records regarding Plaintiff's alleged felony conviction.

**ANSWER:**

Defendant denies the allegations contained in paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

Additionally, LexisNexis failed to inform Plaintiff that it had provided a copy of his consumer report to TJ Maxx.

**ANSWER:**

Defendant denies the allegations contained in paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

As a result of LexisNexis's actions, Plaintiff suffered actual damages.

**ANSWER:**

Defendant denies the allegations contained in paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

Additionally, LexisNexis's conduct against the Plaintiff was willful.

**ANSWER:**

Defendant denies the allegations contained in paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

As a matter of practice, LexsNexis[sic] regularly and consistently fails to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning consumers as required by 15 U.S.C. § 1681e(b).

**ANSWER:**

Defendant denies the allegations contained in paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

Additionally, LexisNexis regularly and consistently fails to disclose all of the information in a consumer's file, as well as provide a list of all persons who received the consumer file

within the past two years, in response to a consumer's written request as required by 15 U.S.C. § 1681g.

**ANSWER:**

Defendant denies the allegations contained in paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

LexisNexis's procedures and conduct were carried out as it intended and were not a mere accident or mistake.  Instead, its actions constituted its standard procedures and policy of conducting business.

**ANSWER:**

Defendant denies the allegations contained in paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

LexisNexis is well aware of its legal obligations under the FCRA.  These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

**ANSWER:**

Defendant admits the allegations contained in paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

LexisNexis has been previously sued for violating these provisions of the FCRA.  *See, e.g.*, *Adams v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. CIV. 08-4708 (RMB/KW) (D.N.J.); *Graham v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:09-655-JRS (E.D. Va.); *Berry v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:11-CV-754 (E.D. Va.).

**ANSWER:**

Defendant admits the allegations contained in paragraph 38 of the Complaint.

**COMPLAINT ¶41:**

Further, upon information and belief, LexisNexis obtained or had available substantial written materials that informed it of its duties under the FCRA.

**ANSWER:**

Defendant denies the allegations contained in paragraph 41 of the Complaint as stated.

**COMPLAINT ¶42:**

And even if LexisNexis does not have any of these written materials, any reasonable consumer reporting agency knows about or can easily discover these mandates.

**ANSWER:**

Defendant denies the allegations contained in paragraph 42 of the Complaint as stated.

**COMPLAINT ¶43:**

Despite knowing of these legal obligations, LexisNexis acted consciously and willfully in breaching its known duties and depriving the Plaintiff of his rights under the FCRA.

**ANSWER:**

Defendant denies the allegations contained in paragraph 43 of the Complaint as stated.

**COMPLAINT ¶44:**

Plaintiff alleges that LexisNexis's conduct as alleged herein was consistent with its established and systematically executed procedures and policies of noncompliance with the FCRA.

**ANSWER:**

Defendant denies the allegations contained in paragraph 44 of the Complaint as stated.

**COMPLAINT ¶45:**

Therefore, LexisNexis's conduct was willful and entitles Plaintiff to recover punitive damages for its violations of the FCRA.

**ANSWER:**

Defendant denies the allegations contained in paragraph 45 of the Complaint as stated.

**COUNT I: VIOLATION OF 15 U.S.C. § 1681b(b)(3)**
**Class Claim Against Defendant TJ Maxx only**

**COMPLAINT ¶46:**

**The FCRA Class.**  Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action individually and on behalf of a class initially defined as follows ("the Class"):

All employees or prospective employees of Defendant TJ Maxx residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report used by TJ Maxx to

make an employment decision and against whom TJ Maxx took an adverse action
based in whole or in part on information contained in the consumer report before
providing the applicant with a copy of the consumer report.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action on behalf of himself and a

purported class.  The remaining allegations in Paragraph 46 of the Complaint purport to state a

legal conclusion to which no response is required.  To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief about whether this case is

appropriate for class treatment.

**COMPLAINT ¶47:**

**Numerosity**.  The Class members are so numerous that joinder of all is impractical.  A
similar number of current openings over the past two years demonstrate a significant number of
applicants and potential class members.  The names and addresses of the Class members are
identifiable through documents maintained by TJ Maxx, and the Class members may be notified
of the pendency of this action by published and/or mailed notice.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

**Existence and Predominance of Common Questions of Law and Fact**.  Common
questions of law and fact exist as to all members of the Class.  These questions predominate over
the questions affecting only individual members.  These common legal and factual questions
include, among other things: (a) whether TJ Maxx provided a copy of the consumer report to the
applicant or employee prior to refusing to hire the applicant or terminating the employee based
on the results thereof; (b) whether TJ Maxx provided a copy of a summary of the applicant or
employee's rights under the FCRA before declining to hire or discharging the applicant or
employee; and (c) whether TJ Maxx acted knowingly and intentionally or with conscious
disregard of the rights of the consumers.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

    **Typicality**.  Plaintiff's claims are typical of the claims of each Class member and all are based on the same facts and legal theories.  Upon information and belief, it is TJ Maxx's standard hiring practice to obtain and rely on consumer reports for employment purposes, refusing to hire applicants or terminating current employees without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report, and without providing them with a summary of their rights under the FCRA before taking the adverse action.  For purposes of class certification only, Plaintiff seeks only statutory and punitive damages.  Plaintiff would seek individual or actual damages only if class certification is denied.  In addition, Plaintiff is entitled to the relief under the same causes of action as the other members of the Class.

**ANSWER:**

    Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

    **Adequacy**.  Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action.  Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

**ANSWER:**

    Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

        (a)    As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues.  The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by TJ Maxx's conduct.  Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

(b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers whom TJ Maxx refused to hire or terminated employment based on a consumer report without complying with the requirements of the FCRA are likely unaware of their rights under the law or of who they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources as well. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law for every similarly situated consumer.

## ANSWER:

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 51 of the Complaint.

## COMPLAINT ¶52:

Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

## ANSWER:

Defendant restates and incorporates by reference its responses to the allegations

contained in Paragraphs 1 through 51 of the Complaint.

## COMPLAINT ¶53:

TJ Maxx violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Plaintiff and the putative Class members before taking an adverse action that was based in whole or in part on that report.

## ANSWER:

Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations contained in paragraph 53 of the Complaint.

## COMPLAINT ¶54:

Plaintiff seeks statutory and punitive damages as well as attorney's fees and costs for himself and all others similarly situated for TJ Maxx's willful violation pursuant to 15 U.S.C. § 1681n.

19001663v.1

**ANSWER:**

Defendant admits that Plaintiff seeks statutory and punitive damages as well as attorney's fees and costs on behalf of himself and a purported class. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

In the alternative to Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks certification of that issue and the appropriate remedy under 15 U.S.C. § 1681o.

**ANSWER:**

Defendant admits that Plaintiff, in the alternative, alleges that the purported violations were negligent and that Plaintiff seeks certification on that issue and the alleged appropriate remedy. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 55 of the Complaint.

**COUNT TWO: VIOLATION OF 15 U.S.C. § 1681e(b)**
**Plaintiff's Individual Claim Against Defendant LexisNexis Only**

**COMPLAINT ¶56:**

Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

**ANSWER:**

Defendant restates and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 55 of the Complaint.

**COMPLAINT ¶57:**

Defendant LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning the Plaintiff.

**ANSWER:**

Defendant denies the allegations contained in paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

As a result of Defendant LexisNexis's conduct, action, and inaction, Plaintiff suffered actual damages.

**ANSWER:**

Defendant denies the allegations contained in paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

Defendant LexisNexis's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Defendant denies the allegations contained in paragraph 59 of the Complaint.

**COMPLAINT ¶60:**

Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Defendant LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**ANSWER:**

Defendant denies the allegations contained in paragraph 60 of the Complaint.

**COUNT THREE: VIOLATION OF 15 U.S.C. § 1681g(a)(1)**
**Plaintiff's Individual Claim Against Defendant LexisNexis Only**

**COMPLAINT ¶61:**

Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

**ANSWER:**

Defendant restates and incorporates by reference its responses to the allegations

contained in Paragraphs 1 through 60 of the Complaint.

19001663v.1

**COMPLAINT ¶62:**

Defendant LexisNexis violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to the Plaintiff all information in his file at the time of his request for it.

**ANSWER:**

Defendant denies the allegations contained in paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

As a result of Defendant LexisNexis's conduct, action, and inaction, Plaintiff suffered actual damages.

**ANSWER:**

Defendant denies the allegations contained in paragraph 63 of the Complaint.

**COMPLAINT ¶64:**

Defendant LexisNexis's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Defendant denies the allegations contained in paragraph 64 of the Complaint.

**COMPLAINT ¶65:**

Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Defendant LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**ANSWER:**

Defendant denies the allegations contained in paragraph 65 of the Complaint.

**COUNT FOUR: VIOLATION OF 15 U.S.C. § 1681g(a)(3)**
**Plaintiff's Individual Claim Against Defendant LexisNexis Only**

**COMPLAINT ¶66:**

Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

**ANSWER:**

Defendant restates and incorporates by reference its responses to the allegations

contained in Paragraphs 1 through 65 of the Complaint.

**COMPLAINT ¶67:**

Defendant LexisNexis violated 15 U.S.C. § 1681g(a)(3) by failing to identify each person that procured Plaintiff's report for employment purposes in the two years prior to his written request for a complete copy of his consumer file.

**ANSWER:**

Defendant denies the allegations contained in paragraph 67 of the Complaint.

**COMPLAINT ¶68:**

As a result of Defendant LexisNexis's conduct, action, and inaction, Plaintiff suffered actual damages.

**ANSWER:**

Defendant denies the allegations contained in paragraph 68 of the Complaint.

**COMPLAINT ¶69:**

Defendant LexisNexis's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

Defendant denies the allegations contained in paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Defendant LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**ANSWER:**

Defendant denies the allegations contained in paragraph 70 of the Complaint.

Defendant denies any and all allegations in the Complaint not specifically admitted.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff demands a trial by jury.  To the extent this allegation may be deemed to contain factual averments requiring an answer, Defendant denies all such allegations.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## FIRST DEFENSE

To the extent Plaintiff's claims are based on acts that occurred or accrued prior to any applicable statute of limitations, such claims are time-barred.

## SECOND DEFENSE

Defendant has/had reasonable procedures in place to assure compliance with the Fair Credit Reporting Act, and otherwise made good faith efforts to comply with the Fair Credit Reporting Act.

## THIRD DEFENSE

Plaintiff is not entitled to punitive damages because Defendant engaged in good faith efforts to comply with the Fair Credit Reporting Act and any purported violation was not willful.

## FOURTH DEFENSE

Plaintiff is not entitled to punitive damages, in that he cannot demonstrate malice, actual participation or reckless indifference by Defendant, nor can he impute liability for punitive damages to Defendant, because of its good faith efforts to comply with applicable law.

## FIFTH DEFENSE

To the extent Plaintiff has failed to mitigate his/her alleged damages, his recovery, if any, must be reduced accordingly.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and release.


WHEREFORE, Defendant prays that:

1.      Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment

be entered in Defendant's favor.

2.      Plaintiff take nothing by his Complaint.

3.      The Court deny Plaintiff's requested relief.

4.      The Court award Defendant its costs and such further relief as it deems just and

proper.


Respectfully submitted,

By: /s/ Taron K. Murakami_____
Taron Murakami  (D.C. Bar No. 499300)
tmurakami@seyfarth.com
SEYFARTH SHAW LLP
975 F Street NW
Washington, DC  20004-1454
Telephone:  (202) 463-2400
Facsimile:  (202) 828-5393

Frederick T. Smith (admitted *pro hac vice*)
fsmith@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Attorneys for Defendant First Advantage LNS
Screening Solutions, Inc.*

Dated:  February 18, 2015

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a copy of the foregoing

Defendant First Advantage LNS Screening Solutions, Inc.'s Answer and Affirmative Defenses to

Plaintiff's Complaint to be served via the Court's ECF system this 18th day of February, 2015

upon:

Kristi C. Kelly
KELLY & CRANDALL, PLC
4084 University Drive
Suite 202A
Fairfax, VA 22030
kkelly@kellyandcrandall.com

Leonard A. Bennett
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, VA 23601
lenbennett@clalegal.com

Matthew J. Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
matt@clalegal.com

                                        /s/  Taron K. Murakami